**In re CHARGE OF JUDICIAL MISCONDUCT.**

**No. 83–8004.**

Judicial Council of the Ninth Circuit.

March 10, 1983.

Before WRIGHT, GOODWIN, KENNEDY, and PREGERSON, Circuit Judges; and REAL, McGOVERN, WILLIAMS, and KING, District Judges.

## ORDER DISMISSING PETITION FOR REVIEW

The complainant filed on February 16, 1983 a petition for review of an order filed by Chief Judge Browning on January 12, 1983. That order recited the history and nature of the underlying complaint against a district judge of this circuit.

In essence, the complainant asserts that the district judge has failed to act on a petition to compel a magistrate to issue proposed findings. This, says the complainant, constitutes judicial misconduct and he requests that the district judge be compelled to rule on that petition.

In his order of dismissal of January 12, 1983, Chief Judge Browning stated:

Although complainant has utilized mandamus proceedings against the magistrate, he has not sought mandamus to

compel action by the district judge. Since an available judicial remedy remains unexhausted, the complaint is dismissed.

■ The complainant's petition for review of that order demonstrates that he has misunderstood it. He refers to an application made in the district court on December 22, 1982 for writ of mandamus. That application sought no relief from the court of appeals. It is that court to which the complainant must go if he seeks a writ of mandamus against the district judge. The procedure is discussed in *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1338–9 in which the court said:

[W]e also note the utility of mandamus as a tool to supervise the proper judicial administration in the district courts. *Green* at page 1339.

■ Because of the availability of a judicial remedy which has not been exhausted, misconduct procedures are premature. The petition for review is dismissed.